UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ERIC T.  NEWHOUSE, | ) | CASE NO.  5:06 CV 1731 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| SUSAN A.  HANSEN, acting in her | ) | |
| official capacity for the United States | ) | |
| of America, | ) | |
| | ) | |
| Defendant. | ) | |

On June 2, 2006, pro se plaintiff Eric T. Newhouse sued defendant Susan A.  Hansen,

"in her official capacity," in the Summit County Court of Common Pleas.[1] See Newhouse v. Hansen,

Case No. MS-2006-00-0026 (Summit Cty. Ct. Comm. Pleas, filed June 2, 2006).  Mr. Newhouse

asserted in the complaint that Ms. Hansen violated several Ohio statutes when she issued, or caused

to be issued, federal tax liens against him totaling $93,007.85.  The United States of America filed

---

[1]Ms. Hansen's signature appears on an Internal Revenue Service (IRS) "Notice of Federal
Tax Lien," dated September 25, 2005, which Mr.  Newhouse attached to his complaint as Exhibit
A.

a notice on behalf of the defendant pursuant to 28 U.S.C. §§1441, 1442(a)(1) and 1446, and 39

U.S.C. § 409(a), removing the case to the federal district court for the Northern District of Ohio on

July 18, 2006. On the same date, the United States filed a Motion to Dismiss and Motion to Vacate

Judgment [Dkt.#2.] on behalf of Ms. Hansen, which it amended [Dkt.#3.] and which is now before

the court. No brief in opposition was filed by Mr. Newhouse.

*Removal*

Because Mr. Newhouse filed his complaint against an employee of the United States,

the United States removed this action pursuant to 28 U.S.C. § 1442, which states:

> (a)A civil action or criminal prosecution commenced in a State court
> against any of the following may be removed by them to the district
> court of the United States for the district and division embracing the
> place wherein it is pending:
>
>> (1)The United States or any agency thereof or any officer (or
>> any person acting under that officer) of the United States or of
>> any agency thereof, sued in an official or individual capacity
>> for any act, under color of such office or on account of any
>> right, title or authority claimed under any Act of Congress for
>> the apprehension or punishment of criminals or the collection
>> of the revenue.

28 U.S.C. § 1442(a)(1). The only prerequisite for removal of a civil action under § 1442 is that it

be brought against a federal officer or agency. IMFC Professional Services of Florida, Inc. v. Latin

American Home Health, Inc., 676 F.2d 152, 156 (5th Cir. 1979). The statute does not expressly

indicate that the federal court must have subject matter jurisdiction over the claim against the federal

officer. To the contrary, section 1442 itself grants independent jurisdictional grounds over cases

involving federal officers where a district court otherwise would not have jurisdiction. S.S.

Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 35 (2nd Cir. 1979). Thus, as Ms. Hanson

2

is a federal employee being sued in her official capacity, removal was proper pursuant to § 1442.[2]

*Motion to Dismiss*

The object of a motion to dismiss is to test the sufficiency of the pleadings.  Thus, when ruling on a motion to dismiss, this Court is required to view the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes,  416 U.S. 232 (1974). Furthermore, courts are charged with liberally construing the complaints of pro se litigants who are held to less stringent standards for drafting pleadings than lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A motion will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46(1957).

The government argues that this court lacks subject matter jurisdiction over the complaint and that Mr.  Newhouse has failed to state a claim for relief.  Consequently, it asserts that dismissal is proper pursuant to Federal Civil Rules 12(b)(1) and 12(b)(6).   A 12(b)(1) motion to dismiss for lack of subject matter jurisdiction does not operate as a dismissal on the merits. Rogers v. Stratton Industries, Inc., 798 F.2d 913, 917 (6th Cir.1986). The rationale behind this is that merely because one court does not have jurisdiction over a dispute does not necessarily mean that another court is precluded from properly exercising jurisdiction over the matter. Id.  Moreover, if a court does not have jurisdiction over a matter, it cannot properly reach the merits of the case. Id. In contrast, a dismissal for failure to state a claim under Rule 12(b)(6) is considered a dismissal on the

---

[2] In enacting 28 U.S.C. § 1442, Congress recognized that: "federal officers are entitled to, and the interest of national supremacy requires, the protection of a federal forum in those actions commenced in state court that could arrest, restrict, impair, or interfere with the exercise of federal authority by federal officials."  Murray v. Murray, 621 F.2d 103, 106 (5th Cir.1980).

merits. Id

        Mr. Newhouse has failed to state a claim for relief. To the extent his complaint involves the assessment of federal taxes, it is barred by the Anti-Injunction Act, 26 U.S.C. § 7421 ("the Act").  As a general rule, the Act prohibits suits restraining the assessment or collection of taxes.  The object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes.  Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 5 (1962).  This allows the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund.  Id. at 7.

        Thus, in general, the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid. Snyder v. Marks, 109 U.S. 189, 194 (1883). Under special, extraordinary, or exceptional circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a federal income taxpayer could plead an exception to the Act's prohibition,  Surber v. United States, 285 F. Supp. 775, 777 (S.D. Ohio 1968), but "[o]nly if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim." Id. .

        The central theme of Mr. Newhouse's complaint does not focus on his tax liability. Instead, he seeks to attack the integrity of the notice process.  His assertions, however, fail to even marginally satisfy the exception provided by the "Williams Packing" rule.  The Williams Packing rule is a judicially created exception to the statutory bar against maintaining any lawsuit for the purpose of restraining the assessment of a tax.  Such a suit may be brought where, and only where, it is established that under no circumstances could the government ultimately prevail in its claim for

taxes and that equity jurisdiction otherwise exists because of irreparable injury and lack of an adequate remedy at law. Alexander v. "Americans United" Inc., 416 U.S. 752 (1974). Under the exception, a  taxpayer must show the certainty of success on the merits, Bob Jones University v. Simon, 416 U.S. 725 (1974); that the asserted claim is entirely excessive, arbitrary, capricious, and without factual foundation, Shapiro v. Secretary of State, 499 F.2d 527 (D.C. Cir. 1974), cert. granted, 420 U.S. 923 (1975) and judgment aff'd, 424 U.S. 614 (1976); that the assessment is otherwise baseless, Schildcrout v. McKeever, 580 F.2d 994 (9th Cir. 1978); an exaction in the guise of a tax, Williams Packing & Nav. Co., 370 U.S. 1; that the tax is illegal as applied to him, Transport Mfg. & Equipment Co. of Del. v. Trainor, 382 F.2d 793 (8th Cir. 1967), or that he has previously been adjudicated free of the taxes assessed against him. Parrish v. Daly, 350 F. Supp. 735 (S.D. Ind. 1972).

Here, Mr. Newhouse has not alleged that he is challenging the I.R.S.'s tax lien based on any exception to the Anti-Injunction Act.  See Williams Packing & Nav. Co.,  370 U.S. at 5. Therefore, section 7421 bars him from pursing any action that would interfere with the government's attempt to recover his tax liability.

*Federal Question Claims*

Mr. Newhouse complains that the defendant issued and recorded several Federal Tax Liens in Summit County, Ohio that violated "Ohio Statutes Certifying Notice of Federal Tax Lien on Petitioner's property and did further violate Title 26 of the United States Code . . . including, but not limited to, IRC § 7403, 6323(f), and 6331, Title 28 §§ 3201, 3200 and the [2107] Uniform Federal Lien Registration Act, Chapter 176- Federal Debt Collection Procedure Act."  (Compl. at 2.)  He claims that federal jurisdiction was "ceded" upon the filing of Federal Tax Liens to the state

5

of Ohio.  His argument is wholly without merit.

Notwithstanding his assertion that the defendant violated Ohio Revised Code §§ 317.09 and 317.11,[3] Mr. Newhouse invokes this court's federal question jurisdiction with allegations that the defendant violated several "Internal Revenue codes."  However, none of the federal laws to which Mr. Newhouse refers are relevant and do not support his request to vacate a federal tax lien.

While the first federal statute Mr. Newhouse cites, section 7403, does address federal tax liens, it is not an available tool for a party seeking to impede an enforcement action.  The relevant section provides:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403.  This provision obviously allows the government to pursue a lawsuit to enforce a lien in satisfaction of delinquent federal taxes.  There is nothing in the statute, however, that addresses Mr.  Newhouse's claim that the government failed to provide notice in compliance with Ohio law, or that it "ceded" its jurisdiction as a result.  Even if the plaintiff were attempting to claim that the notice of lien was invalid pursuant to 26 U.S.C. § 6323(f), he does not state that he falls within any class protected by that statute.  See 26 U.S.C. 6323; see also Stevan v. Union Trust Co.

---

[3] These statutes address the recording and filing of notices of federal liens, as well as instances where there is an illegible signature on an instrument by which the title to real estate or personal property is conveyed.

of District of Columbia, 316 F.2d 687 (D.C. Cir. 1963)(for purposes of protection under this section [6323] concerning priority over federal tax liens, federal law determines which secured creditors are pledgees, mortgagees, purchasers and judgment creditors). Thus, even if there were a question regarding the priority of competing liens involving a tax lien, it would be a question of federal law. Aquilino v. United States, 363 U.S. 509 (1960), and plaintiff has failed to state such a claim.

Mr. Newhouse's blanket references to 26 U.S.C. § 6331, 28 U.S.C. §§ 3201 and 3200 also fail to state a claim. Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

His ancillary claim that Ms. Hanson exceeded her authority because she failed to receive a delegation from the Secretary of Treasury lacks any foundation in law. Congress has authorized the Secretary of the Treasury to issue administrative summons to determine a person's tax liability. 26 U.S.C. § 7602(a). The Treasury Secretary delegated this authority to the Commissioner of the I.R.S. under 26 C.F.R. § 301.7602-1(b) (2005). The I.R.S. Commissioner, in turn, has delegated that authority to certain I.R.S. employees, 26 C.F.R. § 301.7701- 9(b), including Internal Revenue Agents, Deleg.Order No. 4 (Rev. 20), § 1(d)(3)(Feb. 15, 1990).

Although 28 U.S.C. § 1346(a)(1) provides that district courts shall have original jurisdiction over any civil action against the United States for the recovery of internal revenue taxes

alleged to have been erroneously or illegally assessed or collected, "a taxpayer may not rely on Section 1346(a)(1) to challenge an erroneously or illegally assessed amount without first paying the full amount of an income tax deficiency." Schon v. United States, 759 F.2d 614, 617 (7th Cir.1985). Here, Mr. Newhouse does not allege that he has paid any outstanding tax liability. In fact, he claims that the defendant was not authorized to issue a tax lien and "demands that the 'Alleged Liens and/or Levies' be vacated." (Compl. at 3.)

*Motion to Vacate*

Within its motion to dismiss, the United States requests that this Court vacate the state court's June 20, 2006 Order granting plaintiff's motion to vacate "Alleged Liens and/or Levies." For the reasons outlined below, the motion to vacate is granted.

A final decision of a state court is not binding on the federal courts as a final expression of the state law. See King v. Order of United Commercial Travelers of America, 333 U.S. 153 (1948). Where a state judge has the power to reexamine his own order on a motion to dismiss until a final judgment is entered, a federal judge has the power to do the same with an order of his own. Hill v. U. S. Fidelity & Guaranty Co., 428 F.2d 112, 115 (5th Cir. 1970); see e.g. Munsey v. Testworth Laboratories, 227 F.2d 902, 903 (6th Cir. 1955)(state court judgment subject to being set aside in the state court is subject to same hazard in the federal court after removal). The power to reexamine is not lost by the transfer from the state to federal system. Hill, 428 F.2d at 115.

Upon removal, the jurisdiction of the federal court is a "derivative jurisdiction." Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co., 258 U.S. 377 (1922); see also Village Improvement Ass'n. v. Dow Chemical Co., 655 F.Supp. 311 (E.D.Pa.1987); Essington Metal Works, Inc. v. Retirement Plans of America, Inc., 609 F.Supp. 1546 (E.D.Pa.1985). If "the state court lacks

8

jurisdiction of the subject-matter or of the parties, the federal court acquires none." <u>Lambert</u>, 258 U.S. at 382.  Therefore, "when a federal court determines that it did not gain jurisdiction of a case on removal because there was no jurisdiction in the state court, the action is dismissed by the federal court." <u>Essington</u>, 609 F.Supp. at 1555.

Although the case was properly removed, this Court has determined that the plaintiff failed to state a claim for relief.  Moreover, there was no basis upon which the state court could exercise jurisdiction over the matter at the time the case was removed.  Without a basis for jurisdiction, the state court lacked authority to issue its order granting plaintiff's motion to vacate federal tax liens.

Based on the foregoing, this case must be DISMISSED, as Plaintiff has failed to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6).  Defendant's Motion to Dismiss and Motion to Vacate the Judgment [of June 20, 2006] are granted and this case is **dismissed with prejudice**, and the Summit County Court of Common Pleas June 20, 2006 Order granting plaintiff's motion to vacate "Alleged Liens and/or Levies," is HEREBY VACATED. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

s/ Kathleen  M.  O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED:  September 7, 2006

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.

9